UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel Gold**,** | ) | C/A No. 5:11-476-HMH-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Chief, Capers Wannamaker, SMPD; | ) | |
| Judge, Thomas Randolph Jr.; | ) | |
| St. Matthews Police Dept.; | ) | |
| St. Matthews Town Hall, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Nathaniel Gold ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pretrial detainee at the Orangeburg-Calhoun Regional Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that Defendants violated his constitutional rights. Plaintiff seeks money damages and injunctive relief. Defendant Judge Thomas Randolph, Jr., should be dismissed based on immunity, and Defendants St. Matthews Police Department and St. Matthews Town Hall should be dismissed for failure to state a claim on which relief may be granted.[2]

Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] In an Order entered contemporaneously with this Report and Recommendation, this Court authorizes service of process upon Defendant Chief Capers Wannamaker.

(1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, a portion of the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v.*

2

*Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff alleges that on October 6, 2010, the Chief of the St. Matthews Police Department, Capers Wannamaker, and Judge Thomas Randolph, Jr. of St. Matthews Town Hall / Cameron Magistrate "knowingly and willingly executed a false warrant" on Plaintiff. Plaintiff alleges the false warrant number is G-290140, which charged him with assault and battery, third degree. Plaintiff alleges that the warrant did not state a victim's name or a location of the incident. Also, Plaintiff alleges that he has not seen a statement from a victim asserting that Plaintiff assaulted that victim. Plaintiff alleges that the charge would have been "a 30 day charge" but that he has been in the county jail for five months "without a bond or a court date for this assault and battery warrant." Plaintiff alleges that he is informed by his attorney Diana Holt that the Calhoun County Clerk of Court has explained that a file on the assault and battery warrant does not exist. Plaintiff alleges that as a result of his being served with the "false" assault and battery warrant it "led me (Nathaniel Gold) to catch additional charges." Plaintiff does not specify which additional criminal offenses he was charged with, but he does allege that the additional charges against him are "because of this illegal warrant" and that he is "going to General Sessions Court for other charges because of this false warrant." Plaintiff states that he was given a $200,000.00 bond for the additional charges.

Plaintiff allegedly has requested a bond and a court date for the assault and battery charge, but no one has responded. Plaintiff alleges that his Fourth Amendment rights were violated when he was arrested pursuant to the "false" warrant, and he asserts "I would not have the charges that I have now if it wasn't for the false warrant." Plaintiff requests compensation for each day he has spent in the detention center. He requests $150,000.00 from the St. Matthews Police Department and Town Hall. Plaintiff also requests that his charges be dismissed.

## Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a Section 1983 action must qualify as a "person." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"). Defendants St. Matthews Town Hall and St. Matthews Police Department are departments, groups of buildings, or facilities. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that California

4

Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, Plaintiff failed to state a claim on which relief may be granted as to Defendants St. Matthews Town Hall and St. Matthews Police Department.

If Plaintiff is attempting to sue the municipality of St. Matthews, South Carolina, a local town or municipality may qualify as a person subject to suit under § 1983. However, Plaintiff must identify a municipal "policy" or "custom" that caused the deprivation of Plaintiff's constitutional rights in order to state a claim against the municipality. *See Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997). That is, a plaintiff must show that a municipality with deliberate conduct was the "moving force" behind the injury alleged. *Id.* A municipality may not be held liable under § 1983 solely because it employs the tort-feasor. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) ("municipalities are not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship") (citing *Monell*, 436 U.S. at 692-94). Here, Plaintiff has not alleged any facts that would tend to show that a St. Matthews policy or custom caused the deprivation of Plaintiff's constitutional rights. Thus, Plaintiff failed to state a claim on which relief may be granted as to the municipality of St. Matthews.

Defendant Thomas Randolph, Jr., is alleged to be a magistrate judge in St. Matthews or Cameron. Judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517

5

(4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "'This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Id.* (citation omitted). State and federal judges are also immune to requests for injunctive relief. *See Gilbert v. Ferry*, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), *aff'd* 401 F.3d 411 (6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). *See also* 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer). Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Liberally construed, Defendant Randolph is alleged that have signed or issued an arrest warrant lacking of probable cause against Plaintiff for assault and battery based upon facts presented by Defendant Wannamaker. A magistrate judge's signing of an arrest warrant presented by a police officer would be part of his or her normal judicial functions as a magistrate judge. Thus, Defendant Randolph's alleged illegal action was not taken in the clear absence of all jurisdiction but rather was performed as part of his normal judicial duties. Thus, Defendant Randolph should be summarily dismissed based on judicial immunity.

Recommendation

Accordingly, it is recommended that the District Court dismiss Defendants Judge Thomas Randolph, Jr., St. Matthews Police Department, and St. Matthews Town Hall *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

March 28, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).