UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Gold, ) | C/A No. 5:11-476-HMH-JRM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Chief, Capers Wannamaker, SMPD; ) | |
| ) | |
| Defendants. ) | |

    This matter is before the undersigned on Plaintiff's April 29, 2011, Motion to Amend/Correct Complaint. [ECF No. 13] Plaintiff attached a proposed Amended Complaint. The undersigned has reviewed the Motion to Amend and the proposed Amended Complaint. The undersigned notes that the Honorable Judge Herlong, in his Order filed on April 19, 2011, dismissed Defendants Judge Thomas Randolph, Jr., St. Matthews Police Dept., and St. Matthews Town Hall, without prejudice and without issuance and service of process. Judge Herlong denied Plaintiff's request to amend the Complaint with leave to re-file it so that the magistrate judge could determine whether to grant Plaintiff's request to amend. [ECF No. 11] Additionally, the undersigned notes that by Order filed March 28, 2011, service of process was authorized upon Defendant Wannamaker, and the Clerk of Court was directed to forward the service documents to the U.S. Marshal for service of process. [ECF No.6] It appears that on April 5, 2011, the Clerk of Court did issue the summons for Defendant Wannamaker and sent a service package to the U.S. Marshal. [ECF No. 9] However, there is no evidence in the record that service of process has been accomplished.

**MOTION TO AMEND COMPLAINT**:

    Rule 15(a) provides that, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it...." Fed. R. Civ. P. 15. It appears that Plaintiff may amend his Complaint because the time period of "21 days after serving it" has not expired. Of course, because Plaintiff seeks to add new party defendants, and Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the proposed Complaint is subject to judicial review prior to service of process. In that regard, this Court **grants** Plaintiff's Motion to Amend/Correct Complaint, and it will direct the Clerk of Court to file the Amended Complaint. However, service of process will *not* be authorized for all of the newly added defendants.[1] Also, to preserve issues raised in this case

---

    [1]Contemporaneously with this Order, a Report and Recommendation is entered for summary dismissal of Defendant Judge Robert Hill Lake.



and give liberal construction to the pleadings, the Complaint will be incorporated into the Amended Complaint.

**TO THE CLERK OF COURT**:

The Clerk of Court is directed to file the proposed Amended Complaint. In order to preserve issues raised in this case and give liberal construction to the pleadings, the Clerk of Court is directed to append the Complaint [ECF No. 1] as an attachment to the Amended Complaint.

The Clerk of Court is directed to **issue the summons only for Defendants Andrew Hayes, Richard Murphy, and Edgar Williams,** and to forward copies of this Order, the summons, the Amended Complaint, and the Forms USM-285 to the United States Marshal for service of process. *Defendant Judge Robert Hill Lake is not authorized for service of process because he is subject to dismissal.* The Clerk of Court may sign the Form USM-285 on behalf of Plaintiff, if Plaintiff has neglected to do so. *A copy of this Order must be provided to the United States Marshal.*

**After counsel has appeared for Defendant Capers Wannamaker, the Clerk of Court is directed to generate an NEF to be sent electronically to Wannamaker's counsel to serve him with a copy of the Amended Complaint.**

**TO THE UNITED STATES MARSHAL**:

The United States Marshal shall serve the Amended Complaint **only upon Defendants Andrew Hayes, Richard Murphy, and Edgar Williams**. The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. *See Greene v. Holloway*, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995)). *It is not necessary for the U.S. Marshal to serve Defendant Capers Wannamaker with the Amended Complaint, because after counsel has appeared for that defendant the Clerk of Court is directed to generate an NEF to be sent electronically to Wannamaker's counsel to serve him with a copy of the Amended Complaint.*

If the information provided by Plaintiff on the Form USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified Defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.

**TO PLAINTIFF**:

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this Court is effected by the Court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to Defendant's attorney making an appearance in this Court, Plaintiff must serve Defendants with any



documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served.

    **IT IS SO ORDERED**.

                                                 Joseph R. McCrorey
                                                 United States Magistrate Judge

May 5, 2011
Columbia, South Carolina