UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Gold,<br><br>              Plaintiff,<br><br>v.<br><br>Chief Capers Wannamaker, SMPD; Lt. Andrew Hayes, St. Matthews Police; Richard Murphy, Ofc SMPD; Edgar Williams, Ofc SMPD,<br><br>              Defendants. | C/A No.: 5:11-476-HMH-JRM<br><br><br><br>**ANSWER** |

Defendants Andrew Hayes, Richard Murphy and Edgar Williams (herein collectively referred to as "Defendants"), by and through their undersigned counsel and by way of answer to Plaintiff's Complaint, herein allege as follows:

## **FOR A FIRST DEFENSE**

1. All allegations of Plaintiff's Complaint not hereinafter specifically admitted are denied.

2. By way of response to Plaintiff's Complaint, Defendants admit only that Plaintiff was served with a valid warrant on March 17, 2011 for the offense of Assault/Assault & Battery 3rd degree and deny the material allegations contained in Plaintiff's Complaint or that Plaintiff is entitled to any relief as requested in said Complaint.

## **FOR A SECOND DEFENSE**

3. Defendants incorporate and restate the previous paragraphs of this Answer as if set forth in full herein.

4. Plaintiff's Complaint fails to state the facts sufficient to constitute a cause of action and should be dismissed pursuant to the rules, laws and statutes of the State of South Carolina and the United States of America.

### FOR A THIRD DEFENSE

5. Defendants incorporate and restate the previous paragraphs of this Answer as if set forth in full herein.

6. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FOR A FOURTH DEFENSE

7. Defendants incorporate and restate the previous paragraphs of this Answer as if set forth in full herein.

8. Plaintiff's Complaint should be dismissed for lack of jurisdiction over the subject matter.

### FOR A FIFTH DEFENSE

9. Defendants incorporate and restate the previous paragraphs of this Answer as if set forth in full herein.

10. Plaintiff has failed to pursue and exhaust appropriate administrative remedies.

### FOR A SIXTH DEFENSE

11. Defendants incorporate and restate the previous paragraphs of this Answer as if set forth in full herein.

12. Plaintiff's Complaint should be dismissed for insufficiency of service of process.

### FOR A SEVENTH DEFENSE

13. Defendants incorporate and restate the previous paragraphs of this Answer as if set forth in full herein.

14. Plaintiff's Complaint should be dismissed for lack of jurisdiction over Defendants.

## FOR AN EIGHTH DEFENSE

15. Defendants incorporate and restate the previous paragraphs of this Answer as if set forth in full herein.

16. Defendants are not "persons" as defined by 42 U.S.C. § 1983.

## FOR A NINTH DEFENSE

17. Defendants incorporate and restate the previous paragraphs of this Answer as if set forth in full herein.

18. At all times relevant to the Complaint, Defendants did not engage in any conduct which in any way violated or infringed upon Plaintiff's rights under the United States Constitution or any other Federal right, privilege or immunity.

## FOR A TENTH DEFENSE

19. Defendants incorporate and restate the previous paragraphs of this Answer as if set forth in full herein.

20. Defendants are entitled to qualified immunity for Plaintiff's claims.

## FOR AN ELEVENTH DEFENSE

21. Defendants incorporate and restate the previous paragraphs of this Answer as if set forth in full herein.

22. At all times Defendants were exercising their duties and responsibilities to supervise, control, confine and maintain custody of a prisoner of the State of South Carolina and as such their actions are not subject to suit under the South Carolina Tort Claims Act except when exercised in a grossly negligent manner.

**FOR A TWELFTH DEFENSE**

23. Defendants incorporate and restate the previous paragraphs of this Answer as if set forth in full herein.

24. Defendants are entitled to all limitations of damages and liabilities as set forth in the South Carolina Tort Claims Act.

**FOR A THIRTEENTH DEFENSE**

25. Defendants incorporate and restate the previous paragraphs of this Answer as if set forth in full herein.

26. At all times Defendants were engaged in the exercise of discretion or judgment which are not subject to suit pursuant to the South Carolina Tort Claims Act.

**FOR A FOURTEENTH DEFENSE**

27. Defendants incorporate and restate the previous paragraphs of this Answer as if set forth in full herein.

28. Plaintiff's Complaint relates to the enforcement of compliance with law, including regulations and written policies, and as such Defendants are not subject to liability under the South Carolina Tort Claims Act.

**FOR A FIFTEENTH DEFENSE**

29. Defendants incorporate and restate the previous paragraphs of this Answer as if set forth in full herein.

30. Plaintiff cannot establish a claim for false imprisonment or harassment against Defendants.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendants request that the same be dismissed with fees and costs awarded to Defendants, and for such other and further relief as this Court may deem just and proper.

RILEY POPE & LANEY, LLC

s/Nikole H. Boland
Roy F. Laney, Fed I.D. No. 5720
Nikole H. Boland, Fed. I.D. No. 9184
Damon C. Wlodarczyk, Fed. I.D. No. 9487
Post Office Box 11412
Columbia, South Carolina 29211
Telephone: (803) 799-9993
Facsimile: (803) 239-1414

Attorneys for Defendants Andrew Hayes, Richard Murphy and Edgar Williams

Columbia, South Carolina
June 28, 2011