IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | | |
|---|---|---|
| NATHANIEL GOLD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:11-476-HMH-JRM |
| v. | ) | |
| | ) | |
| | ) | **SCHEDULING ORDER** |
| CHIEF CAPERS WANNAMAKER, | ) | |
| SMPD, LT. ANDREW HAYES, | ) | |
| St. Matthew Police, RICHARD | ) | |
| MURPHY, Ofc. SMPD, EDGAR | ) | |
| WILLIAMS, Ofc. SMPD, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

   Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case, which involves a <u>pro se</u> litigant. Discovery may begin upon receipt of this order.

1. Motions to join other parties and amend the pleadings (Fed. R. Civ. P. 16(b)(1)) shall be filed no later than <u>July 28, 2011</u>.

2. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by any expert meeting the criteria under Fed.R.Civ.P. 26(a)(2)(B), including all information required by Fed.R.Civ.P. 26(a)(2)(B), has been disclosed to other parties by <u>August 29, 2011</u>. For all other experts witnesses, the Plaintiff(s) should make the disclosures required by Fed.R.Civ.P. 26(a)(2)(C) by <u>August 29, 2011</u>.

3. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by any expert meeting the criteria under Fed.R.Civ.P. 26(a)(2)(B), including all information required by Fed.R.Civ.P. 26(a)(2)(B), has been disclosed to other parties by <u>September 28, 2011</u>. For all other experts witnesses, the Defendant(s) should make the disclosures required by Fed.R.Civ.P. 26(a)(2)(C) by <u>September 28, 2011</u>.

4. The parties shall file and serve affidavits of records custodian witnesses proposed to be



      presented by affidavit at trial no later than September 28, 2011. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed.R.Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

5.     Discovery shall be completed no later than October 28, 2011. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse[1] depositions must be completed by discovery deadline. The parties are urged to attempt to resolve discovery disputes prior to presentation to the Court.

6.     All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before December 29, 2011. (Fed. R. Civ. P. 16(b)(2)).

7.     Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before November 30, 2011. *See* Attached form setting forth mediation requirements. At least **thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel.

      **IT IS SO ORDERED.**

      _____
      Joseph R. McCrorey
      United States Magistrate Judge

Columbia, South Carolina

June 29, 2011

Pursuant to Local Civil Rule 83.I.08, this order is being sent to local counsel only.

Attachments:

    1) Mediation Form.
    2) Notice of Availability of United States Magistrate Judge.

---

    [1]This term refers to a deposition of a witness who may be unable to attend any trial in person at that time, or cannot be produced. This deposition may then be used at the trial under certain circumstances.

# UNITED STATES DISTRICT COURT

District of South Carolina

| | |
|---|---|
| NATHANIEL GOLD, | NOTICE, CONSENT, AND ORDER OF REFERENCE — |
| Plaintiff, | EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE |
| v. | Case Number: 5:11-476-HMH-JRM |
| CHIEF CAPERS WANNAMAKER, ET AL., | |
| Defendants. | |

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. 636(c), and Fed. R. Civ. P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all further proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |

_____   _____   _____
_____   _____   _____
_____   _____   _____

### ORDER OF REFERENCE

IT IS ORDERED that this case be referred to The Honorable _____, United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73.

_____
    Date                                                                                     United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# MEDIATION INITIATION FORM

Case: <u>NATHANIEL GOLD v. CHIEF CAPERS WANNAMAKER, ET AL.,</u>

C/A No. 5:11-476-HMH-JRM

Please check the applicable box to indicate the status of the above referenced case:

- ❏ case settled prior to or without mediation
- ❏ case dismissed by court or pending ruling on summary judgment motion
- ❏ case to proceed to trial
- ❏ case continued to next term

   OR

- ❏ case will be or has been mediated *(complete the following information):*

Mediator Name: _____Mediator Phone No._____

Date Mediation Scheduled to Occur *or* Date Mediation Completed:_____

Submitted by:_____ Signature:_____

   *(Printed name of counsel)*

For which party?:_____ Date:_____

*(Name of party counsel represents)*

Please fax completed form to Danny Mullis, ADR Program Director @ 843-579-1434 or mail to P.O. Box 835, Charleston, SC 29402.

IN THE UNITED STATES DISTRICT COURT  )          MEDIATION REQUIREMENTS
FOR THE DISTRICT OF SOUTH CAROLINA  )

Mediation is to be scheduled and completed in all cases, including those cases involving unrepresented parties. Mediation shall be completed by the date indicated in the scheduling order. A Mediation Initiation Form is attached for your use. Upon completion of the mediation, counsel shall advise the Court in writing only that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is required.

The parties should select a mediator consistent with Local Rule 16.06 D.S.C. A roster of certified mediators is available from the Clerk of Court or may be accessed under the Mediation heading at http://www.scd.uscourts.gov/cases.htm.

All parties and their lead trial counsel, having authority to settle and to adjust pre-existing settlement authority if necessary, are required to attend the mediation in person unless excused by the Court for good cause shown. Insurer representatives with decision-making authority also are required to attend in person, unless excused by the Court, if their agreement would be necessary to achieve a settlement. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered. At the mediation, parties, their insurer representatives and their primary trial counsel should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement. All necessary discovery should be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate. See Local Rule 16.09 D.S.C.

This form has been provided to all counsel of record and to all pro se parties. Counsel are responsible for notifying and ensuring the presence of parties and insurer representatives as described above. If a case has been mediated previously, counsel shall notify the Court immediately in writing.

Communications made in connection with or during the mediation are confidential and protected by Federal Rule of Evidence 408 and Federal Rule of Civil Procedure 68. If a settlement is not reached at mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge. See Local Rule 16.08(C) D.S.C.

If any reason exists why any party or counsel should not participate in this mediation, the Court is to be advised of these reasons in writing immediately.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the court's ADR Program Director, Danny Mullis, at (843) 579-1435.

United States Magistrate Judge