UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Gold, </br></br> Plaintiff, </br></br> vs. </br></br> Chief, Capers Wannamaker, SMPD; Lt. Andrew Hayes, St. Matthews Police; Richard Murphy, Ofc SMPD; and Edgar Williams, Ofc SMPD, </br></br> Defendants. | C/A No. 5:11-476-HMH-JRM </br></br> **REPORT AND RECOMMENDATION** |

This matter is before the Court on the Notice of Death filed on August 9, 2011, by attorney for Defendants Andrew Hayes, Richard Murphy, and Edgar Williams. [ECF No. 31] The Notice of Death reveals that Defendant Capers Wannamaker apparently died on March 19, 2011, and the Notice of Death was served on Plaintiff on August 9, 2011. [ECF No. 32] This Court notes that by Order filed March 28, 2011, service of process was authorized upon Defendant Wannamaker, and the Clerk of Court was directed to forward the service documents to the U.S. Marshal for service of process. [ECF No.6] On July 15, 2011, the U.S. Marshal filed an affidavit that service of process was not made upon Defendant Wannamaker due to his death. [ECF No. 25]

> Pursuant to Rule 25(a) of the Federal Rules of Civil Procedure,
>
> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a). Because more than ninety days have passed since the Notice of Death was filed with the Court and served on Plaintiff, and no motion for substitution of a party has been made,

it is recommended that Defendant Capers Wannamaker be dismissed from this action. **Each party's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

November 28, 2011
Columbia, South Carolina

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).