**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Nathaniel Gold, | C/A No.: 5:11-476-HMH-JRM |
| Plaintiff, | |
| v. | **DEFENDANTS LT. ANDREW HAYES, RICHARD MURPHY AND EDGAR WILLIAMS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| Chief Capers Wannamaker, SMPD; Lt. Andrew Hayes, St. Matthews Police; Richard Murphy, Ofc SMPD; Edgar Williams, Ofc SMPD, | |
| Defendants. | |

## I.  <u>INTRODUCTION</u>

On February 28, 2011, Plaintiff Nathaniel Gold ("Gold") filed suit against Chief Capers Wannamaker of the St. Matthews Police Department, Judge Thomas Randolph, Jr., the St. Matthews Police Department and the St. Matthews Town Hall in the United States District Court.  By Order filed April 19, 2011, the Court dismissed Judge Randolph, the St. Matthews Police Department and the St. Matthews Town Hall from the action.  Gold then amended his Complaint to name Judge Robert Hill Lake, Lieutenant Andrew Hayes, Officer Richard Murphy and Officer Edgar Williams as defendants.  By Order filed May 26, 2011, Judge Lake was dismissed from the action.  By Order filed December 19, 2011, the Court dismissed Chief Capers Wannamaker from the action. The remaining Defendants are Andrew Hayes, Richard Murphy and Edgar Williams (herein collectively referred to as "Defendants"), all of whom are employees of the St. Matthews Police Department.

In his Amended Complaint, Gold asserts he is "seeking legal action for the reserving of a false illegal warrant, false imprisonment and harassment." (Amended Complaint, p. 8.) Gold also claims his Fourth Amendment rights were violated. (Id.) Gold requests $50,000 in compensatory damages from each defendant. On June 28, 2011, Defendants filed an Answer denying Gold's claims. For the reasons set forth in this Memorandum, Defendants should be granted summary judgment on all claims in this action.

## II.  STATEMENT OF FACTS

On or about October 6, 2010, Judge Randolph signed an Arrest Warrant for Gold for the offense of Assault/Assault and Battery 3rd Degree. (Amended Complaint, Arrest Warrant G-290140.) According to the warrant, the victim stated that on or about October 5, 2010, Gold slapped him in the face, knocked him to the ground and kicked him in the ribs. (Id.) The victim was transported to the hospital for medical treatment. (Id.) Officer Williams signed the warrant as the affiant concerning the facts of the assault. (Id.) Lieutenant Andrew Hayes signed the warrant as the law enforcement officer who delivered a copy of the warrant to Gold on March 17, 2011. (Id.)

## III.  STANDARD OF REVIEW

Rule 56(c), FRCP, "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). As a practical matter, this standard means that a plaintiff "*must* produce sufficient evidence to reasonably support a jury verdict in its favor." Grooms v. Mobay Chem. Corp., 861 F. Supp. 497, 501 (D.S.C. 1991)(emphasis

added), aff'd, 993 F.2d 1537 (table) (4th Cir.1993), cert. denied, 510 U.S. 996, 114 S.Ct. 561 (1993).  Thus, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  While the Court is charged with liberally construing a complaint filed by a pro se litigant to permit development of a potentially meritorious case, this does not mean the Court can ignore a clear failure to allege facts which set forth a federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services for City of Baltimore, 901 F.2d 387 (4th Cir. 1990).

Where, as here, Gold cannot provide sufficient evidence in support of his claims, the Court should enter summary judgment in favor of Defendants.

## IV.  ARGUMENT

## A.    GOLD HAS FAILED TO STATE A CLAIM AGAINST DEFENDANTS.

The Statement of Claim in Gold's Complaint mentions only Lieutenant Hayes and an unidentified officer.  The unidentified officer allegedly transported Gold from the Orangeburg-Calhoun Detention Center to the St. Matthews Magistrate's office and told Gold that Lieutenant Hayes and Judge Lake said to bring him to the office.  (Amended Complaint, p. 3.)  Officers Murphy and Williams are mentioned only in the Relief paragraph of the Complaint.  (Amended Complaint, p. 8.)  Gold alleges Lieutenant Hayes signed a copy of the warrant, told Gold the solicitor was going to dismiss the charge, radioed the officer and told him to bring Gold back to the Magistrate's office and handed Gold the copy of the warrant.  (Amended Complaint, pp. 3-5.)

Gold's Amended Complaint fails to allege any specific act or omission on the part of Defendants which would amount to a violation of his constitutional rights.   A

Complaint must allege enough information so as to place the Defendants on notice of some act or omission giving rise to the claims against them. Gold has not alleged any claim against Defendants Murphy and Williams, and the statements concerning Hayes fail to establish any violation of Gold's constitutional rights. Because Gold has not set forth any facts which would support a claim against Defendants, Gold's Amended Complaint should be dismissed.

**B.      DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON GOLD'S CLAIMS BROUGHT PURSUANT TO 42 U.S.C. § 1983.**

**1.      As a Matter of Law, Gold Has Not Alleged Facts Sufficient to Establish That His Fourth Amendment Rights Were Violated.**

The Fourth Amendment to the Constitution guarantees the "right of the people to be secure in their persons … against unreasonable searches and seizures … and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing … the persons or things to be seized." U.S. Const. amend. IV. The Fourth Amendment protects people from unlawful seizure by police officers. Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 183 (4th Cir. 1996).

Public officials cannot be charged with false arrest when the defendant is arrested pursuant to a facially valid warrant. Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). Arrest warrants do not have expiration dates, and minor discrepancies do not invalidate warrants. Harrison v. Sumter County Sheriff's Dep't, 2008 WL 553181 at *5 (D.S.C. February 25, 2008). An arrest is constitutional as long as the arresting officer has the authority under state and/or municipal law to effect a custodial arrest for a particular offense. Smalls v. Dorchester County Sheriff's Dep't, 2001 WL 1042764 at *5 (D.S.C.

February 16, 2011). Further, a claim for false arrest may be considered only when no arrest warrant was obtained. <u>Porterfield</u>, 156 F3d. at 569.

As previously stated, Gold alleges Hayes signed a copy of the warrant, told Gold the solicitor was going to dismiss the charge, radioed the officer and told him to bring Gold back to the Magistrate's office and handed Gold the copy of the warrant. The copy of the warrant provided by Gold shows that Hayes signed the warrant, but only as the person delivering a copy to Gold. (Amended Complaint, Arrest Warrant G-290140.) As a lieutenant with the St. Matthews Police Department, Hayes clearly had the authority to serve the arrest warrant on Gold. The Affidavit section of the warrant was completed by Officer Williams, and Judge Randolph signed it stating he found there was probable cause to arrest Gold. (<u>Id</u>.) All other actions related to the warrant were, according to Gold, conducted by Judge Lake. (Amended Complaint.)

The warrant in question was issued by a neutral magistrate judge and was valid on its face. Hayes was not required to independently investigate any claims by Gold concerning the warrant. Hayes had a duty as a police officer to serve the warrant on Gold. Gold has not alleged any claim against Officers Murphy and Williams for violation of his Fourth Amendment rights. Therefore, Gold's Amended Complaint fails to state a claim for violation of his Fourth Amendment rights and should be dismissed.

**2.** **Gold's False Imprisonment Claim Fails to State a Claim For Which Relief May be Granted.**

Gold asserts he was subjected to false imprisonment related to the re-serving of the warrant. (Amended Complaint, p. 7.) Gold simply claims he was falsely imprisoned and does not provide any information concerning this claim other than alleging the warrant served on him was false and illegal.

In order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged.  <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  The plaintiff in a §1983 suit seeking to recover damages for an alleged unconstitutional conviction or imprisonment must prove the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus.  (<u>Id</u>. at 486-87.)  When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in the prisoner's favor would necessarily imply the invalidity of the conviction or sentence; if it would, the complaint must be dismissed unless the prisoner can show that the conviction or sentence has already been invalidated.  (<u>Id</u>. at 487.)

In this case, Gold has not shown that his conviction or sentence were invalidated.  In fact, Gold's Prayer for Relief includes a request that the Court dismiss the charges against him.  (Amended Complaint, p. 8.)  The Amended Complaint contains no allegations that Gold successfully challenged the charges against him.  Therefore, Gold's Amended Complaint should be dismissed.

**3.** **<u>To the Extent Gold Raises His Claims Against Defendants in Their Individual Capacities, Defendants Are Entitled to Qualified Immunity.</u>**

In establishing the standard to determine whether a defendant is entitled to qualified immunity, the United States Supreme Court has stated that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  The Fourth Circuit has further stated:

'In determining whether the specific right allegedly violated was 'clearly established', the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged.' Moreover, 'the manner in which this [clearly established] right applies to the actions of the official must also be apparent.' As such, if there is a 'legitimate question' as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.
Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994).

The federal courts have set forth a three step inquiry to determine whether qualified immunity is an applicable defense. First, the court "must identify the specific constitutional right allegedly violated." Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992). Then, the court should "inquire whether the right was clearly established at the time of the alleged violation." Id. This does not mean that the exact conduct must have been held unlawful, but that the unlawfulness of the conduct must be apparent under existing law. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Finally, the court must "determine whether a reasonable person in that official's position would have known that his conduct violated that right." Pritchett, 973 F.2d at 312.

As previously discussed, Gold has failed to show that any Defendant violated any of his constitutional rights. However, to the extent there was a constitutional violation, a reasonable person in Defendants' positions would not have known that their conduct violated Gold's constitutional rights. Thus, Defendants are entitled to qualified immunity to the extent that Gold's claims are filed against them in their individual capacities.

**C.      GOLD IS NOT ENTITLED TO MONETARY DAMAGES.**

In his Complaint, Gold requests $50,000.00 in compensatory damages from each defendant.   The  purpose  of  a  §1983  damages  award  is  "'to  compensate  persons  for injuries caused by the deprivation of constitutional rights.'"   Farrar v. Hobby, 506 U.S. 103, 112 (1992)(citing Carey v. Piphus, 435 U.S. 247, 254 (1978)).  Thus, in a §1983 suit, no compensatory damages can be awarded without proof of actual injury.  (Id.) Gold has not presented proof of any injuries he sustained in this matter and is not entitled to monetary damages.

**D.      THIS  ACTION  SHOULD  BE  DISMISSED  PURSUANT  TO  28  U.S.C. §1915(a) AND §1915(e) AND SHOULD COUNT AS A STRIKE.**

The  federal  *in forma pauperis*  statute  insures  that  indigent  litigants  have meaningful access to federal courts.  28 U.S.C. §1915.  However, to prevent indigent litigants from filing frivolous lawsuits, the statute authorizes courts to dismiss suits if they are frivolous or malicious.  28 U.S.C. §1915(d).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."   Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Federal judges have the power to dismiss both claims based on meritless legal theories and claims with clearly baseless factual contentions.  Id. at 327.  Examples of meritless legal theories are claims where "it is clear the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist…"  Id.  Claims of baseless factual allegations are "claims describing fantastic or delusional scenarios…" Id. at 328.

As previously explained, the Defendants in this matter are immune from suit. Thus, Gold's claims are clearly based on meritless legal theories. Further, Gold claims infringement of legal interests that clearly do not exist.

Under 42 U.S.C. § 1915, federal courts have broad discretion in deciding to dismiss a plaintiff's claims. Adams v. Rice, 40 F.3d 72 (4th Cir. 1994). Gold's suit is frivolous and a waste of the court's resources. Therefore, this action should be dismissed and counted as a strike pursuant to the court's authority under 28 U.S.C. § 1915.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant Defendants' Motion for Summary Judgment.

RILEY POPE & LANEY, LLC

s/Nikole H. Boland
Roy F. Laney, Fed. I.D. No. 5720
Nikole H. Boland, Fed. I.D. No. 9184
Damon C. Wlodarczyk, Fed. I.D. No. 9487
Post Office Box 11412
Columbia, South Carolina 29211
Telephone: (803) 799-9993
Facsimile: (803) 239-1414

Attorneys for Defendants Lt. Andrew Hayes, Officer Richard Murphy and Officer Edgar Williams

Columbia, South Carolina
December 29, 2011