Westlaw.

Not Reported in F.Supp.2d, 2008 WL 553181 (D.S.C.)
**(Cite as: 2008 WL 553181 (D.S.C.))**

Page 1

C
Only the Westlaw citation is currently available.

United States District Court,
D. South Carolina.
Eugene P. HARRISON, aka Eugene Paul Harrison, Plaintiff,
v.
SUMTER COUNTY SHERIFF'S DEPARTMENT; Deputy Jerry Kelly; Deputy Robert Reynolds, and Lt. Colcough, Defendants.

C.A. No. 2:07-3555-PMD-GCK.
Feb. 25, 2008.

Eugene P. Harrison, Sumter, SC, pro se.

### ORDER

PATRICK MICHAEL DUFFY, District Judge.

*1 This matter is before the court upon the recommendation of United States Magistrate Judge George C. Kosko that Plaintiff Eugene P. Harrison's ("Plaintiff" or "Harrison") Complaint be dismissed with prejudice and without issuance of service of process. The record contains the report and recommendation (the "R & R") of Magistrate Judge Kosko, which was made in accordance with 28 U.S.C. § 636(b)(1)(B). Plaintiff has filed a timely objection to the R & R.

### BACKGROUND

On October 29, 2007, Plaintiff filed suit pursuant to 42 U.S.C. § 1983, asserting he had been unlawfully arrested and imprisoned. The "Statement of Claim" section of his Complaint states (verbatim),

On May 15, 2005 at 8:30 pm, Deputies Jerry Kelly, Robert Reynolds and Lt. Colcough arrested me (Eugene P. Harrison) in my Apt.... with 14 outdated and wrong address police arrest warrants dated back from 4-98 to 8-99 on fraudulent checks from warrants No. G-175927, G-019536, G-19537, G-017830, G-19675, G-019745 and etc. I was unlawfully arrested-my constitutional rights [were] violated because of wrongness of address and entering Apt. to arrest and unlawfully imprison[ ][me].

(Compl.) Also in the Complaint, Plaintiff indicated he had not begun any other lawsuits in state or federal court dealing with the same facts involved in the current action. (*See* Compl. at 1.)

On November 26, 2007, Magistrate Judge Kosko entered a Report and Recommendation in which he recommended that Plaintiff's Complaint be dismissed with prejudice and without issuance of service of process. (*See* R & R at 6.) The R & R took judicial notice of the fact that Plaintiff had in fact previously filed a § 1983 claim based on the same arrest incident. (*Id.* at 1.) The R & R states,

The complaint fails to state a claim because Plaintiff was arrested with facially valid warrants. Plaintiff's claim that his arrest is unlawful because the arrest warrants were "outdated" and contained an incorrect address is without merit. Arrest warrants do not have an expiration date[ ] and minor discrepancies do not invalidate the warrant. The defendants arrested Plaintiff in good faith relying on arrest warrants that were valid on their face. As explained to Plaintiff in his prior case involving the same arrest, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott,* 156 F.3d 563, 568 (4th Cir.1998); *Brooks v. City of Winston-Salem,* 85 F.3d 178, 181-82 (4th Cir.1996) (same). The complaint fails to state a claim against the defendants for violation of Plaintiff's Fourth Amendment rights.

(*Id.* at 3.) The R & R also concluded that Plaintiff's claim was barred by the doctrine of *res judicata* because the prior complaint was dismissed by granting the defendants' Motion for Summary Judgment, and the merits of Plaintiff's Fourth

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 553181 (D.S.C.)
(Cite as: 2008 WL 553181 (D.S.C.))

Page 2

Amendment claims were previously ruled on by the district court when it adopted the previous R & R which recommended the defendants' Motion for Summary Judgment be granted. (*Id.* at 3-4.)

## STANDARD OF REVIEW

*2 This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R & R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R & R. 28 U.S.C. § 636(b) (1). After a review of the entire record, the R & R, and Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R & R and fully incorporates it into this Order.

## ANALYSIS

Plaintiff filed objections on December 3, 2007, which state (verbatim),

> I'm objecting to the dismissal of the summary judgment on the last filed case no. 3:05-2090-PMD *Harrison v. Colcough.* I had not enough time to file according to the FRCP in the last case. I had sent a letter in reference to my (here is a copy), nevertheless, I also has law on misdemeanors in this state which says, that he or she cannot be prosecuted after three years and the arrest warrants was outdated 3-4 years (here is a copy). I'm asking the courts to h[ear] my case concerning the law. This is my objections.

(Objections at 1.) As he indicated, Plaintiff attached the copy of Arrest Warrant G-175927, which appears to be dated July 1, 1999, and the "return" section of the warrant indicates Plaintiff received a copy on June 15, 2005. (*See* Objections.) In another document filed with his objections, Plaintiff states,

> Here the law has a statute of limitations on misdemeanors which a prosecutor in this state cannot prosecute after three years. Also the copy of the outdated warrant has the wrong address that the deputies wrote and not the courts, they could have changed the address many times but cannot according to the law, the courts change and upgrades affidavits.

(Objections.) Plaintiff also attached documents he filed in his previous case: (1) a letter dated May 16, 2006, in which Plaintiff asked the court to allow him to object to the R & R and (2) the document he filed as objections in his previous case.

In Plaintiff's letter dated May 16, 2006, he sought additional time to file objections in the case of *Harrison v. Colclough,* 3:05-2090-PMD-GCK, because he had been sick for a week. In that case, the R & R was filed on April 25, 2006, and objections were due on May 12, 2006. When no objections were filed, this court entered an order adopting the R & R and granted the defendants' Motion for Summary Judgment on May 15, 2006. After judgment was entered, the court received Plaintiff's objections. Plaintiff filed a Notice of Appeal on June 5, 2006, and on September 8, 2006, the Fourth Circuit affirmed this court's order granting summary judgment to the defendants, finding that Harrison waived appellate review by failing to timely file specific objections after receiving proper notice.

To the extent Plaintiff is seeking to have this court consider objections to his previous case (case number 3:05-2090-PMD) and reconsider the order granting the defendants' Motion for Summary Judgment, the court is unable to do so. *See* 36 C.J.S. *Federal Courts* § 728 ("After affirmance on appeal, except as directed by the court of appeals, the lower court is generally without power to vacate, alter, or modify the judgment originally entered by it, since, on affirmance, the decree of the district court becomes the decree of the court of appeals."). In the first case, (3:05-2090-PMD), the R & R considered the Plaintiff's § 1983 claim that the defendants violated his Fourth Amendment rights "on the grounds that the arrest warrant used by the Defendants was also considered a search warrant and the Defendants unlawfully entered the Plaintiffs' residence when arresting Mr. Harrison." (R & R dated

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 553181 (D.S.C.)
(Cite as: 2008 WL 553181 (D.S.C.))

4/25/06 at 9-10.) The court concluded there could be no claim for false arrest because the defendants had the right to enter Plaintiffs' residence since they had a warrant for his arrest. (*Id.* at 10.) The R & R states, "Because the Defendants had facially valid arrest warrants for the Plaintiff, they had probable cause for the arrest." (*Id.* at 10-11.) The court also concluded Plaintiff's argument that the defendants could not lawfully enter his residence to arrest him was without merit. (*Id.* at 11.) Lastly, the court concluded the defendants were entitled to qualified immunity. (*Id.* at 13.)

*3 In the case *sub judice*, Plaintiff alleges his constitutional rights were violated when the Defendants arrested him because the warrants were from 1998 and 1999. As was discussed in the previous case, however, Plaintiff was arrested pursuant to a facially valid arrest warrant, and "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott,* 156 F.3d 563, 568 (4th Cir.1998) (citing *Brooks v. City of Winston-Salem,* 85 F.3d 178 (4th Cir.1996)). In his objections, Plaintiff seems to be arguing that the warrants were not facially valid because they listed dates in 1998 and 1999, and Plaintiff was arrested in 2005. The plaintiff in *Kis v. County of Schuylkill,* 866 F.Supp. 1462 (E.D.Pa.1994), made a similar argument, arguing that his arrest warrant was not facially valid because "the ordinance under which he was cited is in violation of Pennsylvania enabling legislation which does not allow for imprisonment for such an offense." *Kis,* 866 F.Supp. at 1471. The court determined this argument had no bearing on the facial validity of the warrant: "Because law enforcement officers ordinarily have no duty to investigate the validity of the law underlying a facially valid arrest warrant, ... the alleged invalidity of the ordinance ... has no bearing on the facial validity of the warrant." *Id.* In the case *sub judice*, the warrants did list dates in 1998 and 1999, but the warrants were still, as Magistrate Judge Kosko determined, facially valid. The court therefore agrees with the Magistrate Judge's determination that the Complaint fails to state a claim against the Defendants for violation of Plaintiff's Fourth Amendment rights.

Plaintiff also seems to be complaining that his constitutional rights were violated because he was arrested pursuant to a warrant that listed an incorrect address. In *Joye v. Richland County/Richland County Sherif's Department,* 47 F.Supp.2d 663 (D.S.C.1999), the plaintiff was mistakenly arrested pursuant to a bench warrant that was issued for his son, and the arresting officers changed the address in the arrest warrant to 517 Hiller Road, based on what he was told by the individuals at 515 Hiller Road, the address noted on the warrant. *Joye,* 47 F.Supp.2d at 667. The court stated,

> [The officer] made this change based on what he was told by the individuals at 515 Hiller Road, and it accurately reflected what he found to be true: Jimmie A. Joye was indeed living at 517 Hiller Road. The alteration had nothing to do with the mistake in identity between plaintiff and his son.

*Id.* Then, in a footnote, the court noted, "In fact, it does not appear from a constitutional standpoint that the address was even required to be on the [arrest] warrant." *Id.* at 667 n. 17 (citing *Powe v. City of Chicago,* 664 F.2d 639, 645 (7th Cir.1981); *State v. Thompson,* 304 S.C. 85, 403 S.E.2d 139, 140 (Ct.App.1991)). The court thus granted the defendants' motion for summary judgment. *Id.* at 670, 403 S.E.2d 139; *cf. Johnson v. Watson,* 113 Fed. App'x 482 (3d Cir.2004) (concluding the arresting officers were entitled to qualified immunity when they "executed a facially valid arrest warrant for Johnson," which included his name, photo, date of birth, and social security number and thus "gave the Officers every indication that the warrant was intended" for the plaintiff, the sole inaccuracy being the address).

*4 In the case *sub judice*, Plaintiff does not argue the arrest warrant did not identify him. Rather, he seems to be complaining that his Fourth Amend-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 553181 (D.S.C.)
(Cite as: 2008 WL 553181 (D.S.C.))

Page 4

ment rights were violated because the address printed on the warrant was not the address where he was arrested. However, such facts do not amount to a violation of Plaintiff's constitutional rights. In any event, as the Magistrate Judge determined, Plaintiff's Fourth Amendment claims relating to this 2005 arrest are barred by the doctrine of *res judicata.* Plaintiff's objections are without merit.

### CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's Complaint is **DISMISSED** with prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

REPORT AND RECOMMENDATION
GEORGE C. KOSKO, United States Magistrate Judge.

The plaintiff, Eugene P. Harrison (hereafter "Plaintiff"), files this action *pro se,* and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. All pretrial matters in cases with a *pro se* party or application to proceed *in forma pauperis* are authorized for review by an assigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) (1)(B), and Local Civil Rule 73.02(B)(2)(b) and (e), D.S.C., for submission of findings and recommendations to the District Court. Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983 claiming false arrest and imprisonment. Plaintiff has previously filed a § 1983 claim based on the same arrest incident.[FN1] *See Harrison v. Colclough,* 3:05-2090-PMD.

> FN1. This Court may take judicial notice of its own records in the prior case. *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir.1989); *Daye v. Bounds,* 509 F.2d 66 (4th Cir.1975); *Mann v. Peoples First National Bank & Trust Co.,* 209 F.2d 570, 572 (4th Cir.1954).

### PRO SE AND IN FORMA PAUPERIS REVIEW

The Plaintiff is a *pro se* litigant whose pleadings are accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Loe v. Armistead,* 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke,* 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), however, even under this less stringent standard, a *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Sciences,* 901 F.2d 387 (4th Cir.1990).

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Hence, under § 1915(e)(2) (B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Allison v. Kyle,* 66 F.3d 71 (5th Cir.1995).

### DISCUSSION
**Section 1983 Claim**

*5 The complaint is filed pursuant to 42 U.S.C. § 1983 for unlawful arrest and imprisonment. Although not a cause of action itself, § 1983 is " 'a method for vindicating federal rights elsewhere conferred.' " *See Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), *quoting Baker v. McCollan,* 443 U.S. 137, 144, n. 3, 99

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 553181 (D.S.C.)
(Cite as: 2008 WL 553181 (D.S.C.))

Page 5

S.Ct. 2689, 61 L.Ed.2d 433 (1979). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

The Fourth Amendment protects against the unlawful seizure of a person by police officers. *Brooks v. City of Winston-Salem,* 85 F.3d 178, 183 (4th Cir.1996) *citing Graham v. Connor,* 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ("The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable."). The complaint statement of claim alleges, verbatim:

> On May 15, 2005 at 8:30 pm, Deputies Jerry Kelly, Robert Reynolds and Lt. Colcough arrested me (Eugene P. Harrison) in my apt. at 1275 Honeytree Drive with 14 outdated and wrong address police arrest warrants dated back from 4-98 to 8-99 on fraudulent checks from warrants No. G-175927, G-019536, G-19537, G-017830, G-19675, G-019745, and etc. I was unlawfully arrested. My constitutional rights was violated because of wrongness of address and entering apt. to arrest and unlawfully imprisoned.

The complaint fails to state a claim because Plaintiff was arrested with facially valid warrants. Plaintiff's claim that his arrest is unlawful because the arrest warrants were "outdated" and contained an incorrect address is without merit. Arrest warrants do not have an expiration dates and minor discrepancies do not invalidate the warrant. The defendants arrested Plaintiff in good faith relying on arrest warrants that were valid on their face. As explained to Plaintiff in his prior case involving the same arrest, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott,* 156 F.3d 563, 568 (4th Cir.1998); *Brooks v. City of Winston-Salem,* 85 F.3d 178, 181-82 (4th Cir.1996) (same). The complaint fails to state a claim against the defendants for violation of Plaintiff's Fourth Amendment rights.

*Res Judicata*

Plaintiff has previously filed a lawsuit against the defendants in this Court claiming violation of his Fourth Amendment rights based on his arrest in 2005. See *Harrison v. Colclough,* 3:05-2090-PMD. The prior complaint was dismissed by granting the defendants' motion for summary judgment. The merits of Plaintiff's Fourth Amendment claims in the prior case were discussed in the report to the District Court recommending the defendant's motion for summary judgment be granted. The report and recommendation was adopted in the Order of the Honorable Patrick Michael Duffy dismissing the case on May 15, 2006. The legal doctrine of *res judicata* applies to bar Plaintiff's current case.[FN2]

> FN2. *Res judicata* is also referred to as "claim preclusion." See *Keith v. Aldridge,* 900 F.2d 736, 739 (4th Cir.), *cert. denied,* 498 U.S. 900, 111 S.Ct. 257, 112 L.Ed.2d 215 (1990).

*6 "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." It is well established in this circuit that the application of res judicata requires a showing of the following three elements: "(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits."
*Young-Henderson v. Spartanburg Area Mental Health Ctr.,* 945 F.2d 770, 773 (1991) (*quoting Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). The doctrine also bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 60

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 553181 (D.S.C.)
(Cite as: 2008 WL 553181 (D.S.C.))

Page 6

L.Ed.2d 767 (1979); *Meekins v. United Transp. Union,* 946 F.2d 1054, 1057 (4th Cir.1991). The claim in the current complaint was available to be made in the prior complaint. A plaintiff may not bring piece-meal litigation by naming different defendants and alleging new causes of action, when all of his claims arise from the same operative facts. The District Judge's Order in *Harrison v. Colclough,* 3:05-2090-PMD, operates as a final judgment on the merits. *See Keith v. Aldridge,* 900 F.2d 736, 740 (4th Cir.), *cert. denied,* 498 U.S. 900, 111 S.Ct. 257, 112 L.Ed.2d 215 (1990). The identities of the relevant parties are the same because Plaintiff again sues the arresting officers. The remaining question is whether there is "an identity of the cause of action in both the earlier and the later suit." Two causes of action are the same if "the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Keith,* 911 F.2d at 740. Clearly Plaintiff's Fourth Amendment claims relating to his arrest in 2005 "arise out of the same transaction" and therefore are barred by the doctrine of *res judicata.* **The Complaint should be dismissed with prejudice.**

### *Deny Motion to Proceed In Forma Pauperis*

Plaintiff has applied to proceed *in forma pauperis,* but his request should be denied in this case. The denial of *in forma pauperis* status removes the privilege of filing a case without paying the filing fee. The denial also shifts the responsibility for service of process back to the filing party, as the Court will not effect service of process pursuant to 28 U.S.C. § 1915(d).[FN3]

> FN3. In this frivolous case, summonses will not be issued unless service is ordered by the District Judge. At this time, Plaintiff has not provided correctly completed service documents in this case.

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts.[FN4] In *Dillard v. Liberty Loan Corp.,* 626 F.2d 363, 364 (4th Cir.1980), the Fourth Circuit held:

> FN4. In effect a denial of *in forma pauperis* status can be the equivalent of an involuntary dismissal. In *Woods v. Dahlberg,* 894 F.2d 187 (6th Cir.1990), the United States Court of Appeals for the Sixth Circuit addressed this specific question and determined that such a ruling cannot be issued by a magistrate judge upon referral of pretrial matters (as is the present case) but should be recommended to the district judge to make a final decision.

A district court has discretion to grant or deny an in forma pauperis petition filed under § 1915. *Graham v. Riddle,* 554 F.2d 133 (4th Cir.1977). This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked ." *Kinney v. Plymouth Rock Squab Co.,* 236 U.S. 43, 46, 35 S.Ct. 236, 238, 59 L.Ed. 457 (1915).

*7 *See also Liles v. South Carolina Dept. of Corrections,* 414 F.2d 612, 613 (4th Cir.1969); *U.S. v. Gregg,* 393 F.2d 722, 723 (4th Cir.1968). Under *Graham v. Riddle,* 554 F.2d at 134, "included within the district court's discretion is the authority to deny cost-free filing when a petition is frivolous." Clearly the filing of a complaint with a claim that has already been adjudicated cannot be considered proceeding in good faith or presentation of a meritorious claim. The processing of such a duplicative action is also a waste of limited judicial resources. Therefore, it is recommended that the Plaintiff's motion to proceed *in forma pauperis* be denied.

### *RECOMMENDATION*

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *with prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(i).

If is further recommended that Plaintiff's mo-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 553181 (D.S.C.)
(Cite as: 2008 WL 553181 (D.S.C.))

Page 7

tion to proceed *in forma pauperis* be denied.

D.S.C.,2008.
Harrison v. Sumter County sheriff's Dept.
Not Reported in F.Supp.2d, 2008 WL 553181 (D.S.C.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.